[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12967
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-20298-JEM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DORA MOREIRA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 12, 2018)

Before WILLIAM PRYOR, ANDERSON and DUBINA, Circuit Judges.

PER CURIAM:

This is the second time we have considered an appeal in this case.  In the first appeal, we affirmed Dora Moreira's ("Moreira") convictions and total sentence for various Medicare fraud violations.  *United States v. Moreira*, 605 F. App'x 852 (11th Cir. 2015), cert. denied, 136 S. Ct. 1155 (2016).

In this appeal, Moreira, a prisoner proceeding *pro se*, appeals the district court's order denying her motion for a new trial filed pursuant to Federal Rule of Criminal Procedure 33.  On appeal, Moreira argues that, although her Rule 33 motion was untimely, the district court abused its discretion in denying the motion because she presented sufficient grounds for the court to find excusable neglect, and she established that newly discovered evidence was material and would have likely changed the outcome of her trial.

## I.

We review the denial of a motion for a new trial based on newly discovered evidence for an abuse of discretion.  *United States v. Vallejo*, 297 F.3d 1154, 1163 (11th Cir. 2002).  The abuse of discretion standard is deferential and decisions of the district court will be affirmed unless "the district court has made a clear error of judgment, or has applied the wrong legal standard."  *United States v. Lyons*, 403 F.3d 1248, 1255 (11th Cir. 2005).  We construe *pro se* filings liberally, *Tannenbaum v. United States,* 148 F.3d 1262, 1263 (11th Cir. 1998), but *pro se*

2

litigants must still conform to procedural rules, *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002).

## II.

Pursuant to the Federal Rules of Criminal Procedure, a defendant may move the court to vacate a judgment and grant a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a). "Any motion for a new trial grounded on newly discovered evidence must be filed within [three] years after the verdict or finding of guilty. If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case." Fed. R. Crim. P. 33(b)(1). Moreover, a district court may extend the time for a defendant to file an otherwise untimely motion if she can show excusable neglect. Fed. R. Crim. P. 45(b)(1)(B).

A new trial based on newly discovered evidence is warranted only if: "(1) the evidence was in fact discovered after trial; (2) the defendant exercised due care to discover the evidence; (3) the evidence was not merely cumulative or impeaching; (4) the evidence was material; and (5) the evidence was of such a nature that a new trial would probably produce a different result." *United States v. Lee*, 68 F.3d 1267, 1273 (11th Cir. 1995). "Failure to meet any one of these elements will defeat a motion for a new trial." *United States v. Starrett*, 55 F.3d 1525, 1554 (11th Cir. 1995). Our court highly disfavors motions for new trials based on newly discovered evidence and has opined that they should be granted

only with great caution.  *United States v. Campa*, 459 F.3d 1121, 1151 (11th Cir. 2006) (*en banc*).  Self-serving allegations that are unsubstantiated by any objectively credible source and that present only second-hand information do not warrant a new trial.  *United States v. Calderon*, 127 F.3d 1314, 1354-55 (11th Cir. 1997).  Issues implicating the fairness of a trial or the integrity of the verdict may be grounds for a new trial.  *Campa*, 459 F.3d at 1151 n.268.

## III.

Even assuming that Moreira's delay in filing her motion for a new trial was due to excusable neglect, the motion itself fails on its merits.  Moreira's reliance on alleged government misconduct in an unrelated case does not establish such misconduct in her case.  Moreira cannot show that the alleged misappropriated Medicare documents from an unrelated case could not have been discovered before trial if she or her attorney had exercised due care in discovering them.  The only evidence that she has put forward to support her argument—that the government introduced a binder full of documents on the first day of trial that she and her attorney previously had not seen—does not warrant the grant of a new trial.  The government disputes Moreira's assertion that her counsel had not seen the documents before the introduction of the binder, noting that her counsel did not object to their admission into evidence.  Accordingly, we conclude from the record

4

that the district court did not abuse its discretion in denying Moreira's motion for a new trial, and we affirm its order. *Vallejo*, 297 F.3d at 1163; *Lyons*, 403 F.3d at 1255.

**AFFIRMED.**